**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PAUL MANGELSEN, ROSARIO MANGELSEN AND DOSH, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY and WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:12-cv-00238-DN<br><br>District Judge David Nuffer |

This matter came before the court on Defendants Wells Fargo Bank, N.A.'s and America's Servicing Company's, a division of Wells Fargo Bank, N.A. (collectively "Wells Fargo") motion for summary judgment.[1] Plaintiffs have not opposed Wells Fargo's motion. Having considered Wells Fargo's memorandum and the attached exhibits, the authorities cited, and the pleadings in the case, the court cites to the following Undisputed Facts, makes the following Conclusions of Law, and enters the following Order:

**UNDISPUTED FACTS**[2]

On September 24, 2004, Plaintiffs purchased property, located at 111 East Old Saddle Road in Draper, Utah 84020 (the "Property"), by executing a Note for $275,600. When executing the Note, the Plaintiffs agreed that "[i]f [they] d[id] not pay the full amount of each monthly payment on the date it is due, [they] will be in default." The Plaintiffs further agreed that "[e]ven if, at the time when [they] [were] in default, the Note Holder does not require [them]

[1] Dkt. no. 25, filed January 11, 2013.

to pay immediately in full as described above, the Note Holder will still have the right to do so if [they are] in default at a later time."

The Note was also secured by a Deed of Trust, dated September 24, 2004. The Deed of Trust secured to the lender, its successors and assigns, "the repayment of the [l]oan." To that end, the Plaintiffs "irrevocably" granted the Property with "power of sale" to the trustee under the Deed of Trust. Plaintiffs have been in default on their loan since approximately July of 2010.

On or about February 1, 2011, Plaintiffs executed a HAMP Request for Modification ("HAMP Application"). On April 30, 2012, Plaintiffs' request was denied. Defendant America's Servicing Company informed the Plaintiffs that it was "unable to adjust the terms of [their] mortgage through the Home Affordable Modification Program because [their] current monthly housing expense . . . [was] less than or equal to 31% of [their] gross monthly income . . . ." Then, on May 17, 2012, Plaintiffs were denied a non-HAMP loan modification. Although a foreclosure sale was scheduled for January 23, 2013, no foreclosure occurred while Plaintiffs were being considered for a loan modification.

Plaintiffs filed this lawsuit on February 8, 2012 alleging two causes of action: Equitable Estoppel and Breach of the Implied Covenant of Good Faith and Fair Dealing. According to the Complaint, each of these claims is based on allegations that (1) Plaintiffs were orally told by Wells Fargo that Plaintiffs would be considered for a loan modification, and (2) Plaintiffs were orally told by Wells Fargo that a February 10, 2012 foreclosure sale would be stopped upon receipt of loan modification documents.

---

[2] Despite having been given an opportunity to respond to Defendants' motion for summary judgment, Plaintiffs have not done so. As such, the "Undisputed Facts" presented in the Defendants' motion and memorandum, supported by the exhibits attached thereto, are unopposed. The court recites the facts from Defendants' memorandum and hereby adopts the facts as the operative facts in this case.

## CONCLUSIONS OF LAW

### I. EQUITABLE ESTOPPEL.

Plaintiffs' claim for equitable estoppel fails as a matter of law. In order to prove equitable estoppel, Plaintiffs must establish three elements of proof: "first, 'a statement, admission, act, or failure to act by one party inconsistent with a claim later asserted;' next, 'reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act or failure to act'; and, third, 'injury to the second party that would result from allowing the first party to contradict or repudiate such statement, admission, act, or failure to act.'"[3]

Plaintiffs cannot meet these elements of proof as a matter of law. The undisputed facts demonstrate that Wells Fargo has not contradicted or repudiated an earlier statement. Instead, it is undisputed that Wells Fargo acted consistently with the statements Plaintiffs have attributed to it: namely, it did not proceed with a foreclosure sale before making a determination on Plaintiffs' loan modification application. Wells Fargo considered Plaintiffs' application and denied it. Plaintiffs cannot establish the most basic element of equitable estoppel — the existence of an initial statement that is inconsistent with a later assertion — and their claim fails as a matter of law.

Plaintiffs also cannot meet the second or third elements of equitable estoppel. Plaintiffs have neither set forth any reasonable action or inaction based on Wells Fargo's alleged promise to stop any foreclosure sale until a review of the pending loan modification, nor have Plaintiffs set forth any injury, as it is undisputed that their loan modification application was reviewed and

[3] *Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶ 14 (quoting *Nunley v. Westates Casing Servs., Inc.*, 1999 UT 100, ¶ 34, 989 P.2d 1077).

denied prior to any foreclosure. For these additional reasons, Plaintiffs' claim for equitable estoppel fails as a matter of law.

## II. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.

Plaintiff's claim for breach of the covenant of good faith and fair dealing also fails as a matter of law. Plaintiffs contend that they entered into an oral contract with Wells Fargo that included two contractual provisions. The first contractual provision purportedly consisted of a promise to determine Plaintiffs' eligibility for a loan modification. The second alleged contractual provision was that Defendants would stop foreclosure proceedings upon the receipt of loan modification application documents from the Plaintiffs. The evidence demonstrates that the Plaintiffs cannot prevail on their breach of implied covenant claim for several reasons.

First, even if the court assumes that the alleged oral contract is enforceable, Wells Fargo complied with the terms of the alleged agreement. Because the implied covenant of good faith and fair dealing cannot be used to "create . . . duties inconsistent with express contractual provisions,"[4] there can be no breach of either of the alleged oral provisions.

Second, Plaintiffs' claims fail as a matter of law because the enforcement of Plaintiffs' alleged agreements is barred by the statute of frauds. Utah's statute of frauds provides that certain contracts and agreements cannot be enforced unless they are in writing.[5] Contracts and agreements creating an interest in real property are void without a writing.[6] Additionally, the Utah statute of frauds specifically prohibits the kind of alleged oral forbearance in this case. It bars alleged oral agreements by a financial institution to "lend, delay or otherwise modify an obligation to repay money" or "make any other financial accommodation."[7] Furthermore,

[4] *Oakwood Village LLC v. Albertson's, Inc.*, 2004 UT 101, ¶ 45, 104 P.3d 1226.
[5] *See* Utah Code Ann. § 25-5-1 *et seq.*
[6] *See* Utah Code Ann. §§ 25-5-1; 25-5-3.
[7] Utah Code Ann. § 25-5-4(2)(a)(i).

"when a contract is required to be in writing, the same requirement applies with equal force to any alteration or modification thereof."[8]

Plaintiffs' loan agreement and any alleged modification or forbearance must be in writing to be enforceable by the Plaintiffs. Plaintiffs have alleged no writing and, accordingly, the contractual obligations created by the loan agreement continue to govern the rights and obligations between Plaintiffs and Wells Fargo. Because Wells Fargo's actions in foreclosing constitute a valid exercise of its contractual rights, and because Plaintiffs and Wells Fargo did not agree, in writing, to modify that contractual right, Plaintiffs' breach of the implied covenant claim is barred by the statute of frauds.

Third, to the extent that Plaintiffs have argued that Wells Fargo cannot foreclose because Plaintiffs submitted a loan modification application, their claim is also barred by their written agreements with Wells Fargo. When Plaintiffs submitted their HAMP Application, they acknowledged their understanding that "the Servicer [would] use the information in th[e] document to evaluate [their] eligibility for a loan modification or short sale or deed-in-lieu of foreclosure, but the Servicer [was] not obligated to offer [them] assistance based solely on the statements in th[e] document." Comparable arguments by plaintiffs in other cases have been rejected by courts in this district,[9] and the analysis and reasoning of those cases is applicable here.

---

[8] *Zion's Properties v. Holt*, 538 P.2d 1319, 1322 (Utah 1975) (citations omitted); *see also Cardella v. Mountain Reservations, Inc.*, Case No. 2:07-cv-1003-BCW, 2009 U.S. Dist. LEXIS 31199, at *48 (D. Utah April 7, 2009) (citations omitted) ("[I]f an original agreement is within the statute of frauds, a subsequent agreement which modifies the original written agreement must also satisfy the requirements of the statute of frauds to be enforceable.").

[9] *James v. Wells Fargo Bank, N.A.*, Case No. 2:10-cv-1205-TS, 2011 U.S. Dist. LEXIS 53077, at *7-8 (D. Utah, May 17, 2011) (finding that Plaintiffs' "breach of contract claim fails on the merits because it is belied by the clear language of the HAMP Loan Trial Agreement," which "makes clear that the modification is subject to qualification and that the modification would not

Fourth, Plaintiffs' argument is also barred by the terms of the Deed of Trust. Under Paragraph 12 of the Deed of Trust, Plaintiffs agreed that the Lender, or its successors, would not be required to modify the loan based solely on the Plaintiffs' request. The provision states: "Lender shall not be required to . . . modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower . . ." Plaintiffs further agreed that any forbearance by the lender would not waive its right to foreclose if the Plaintiffs were in default. The exact language states: "Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments . . . in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy." Consequently, Plaintiff's breach of the implied covenant of good faith and fair dealing claim fails as a matter of law, and judgment is appropriate in Wells Fargo's favor.

---

be made permanent until, among other things, Plaintiffs received a fully executed copy of a modification agreement"); *Lund v. CitiMortgage, Inc.*, Case No. 2:10-cv-1167-TS, 2011 U.S. Dist. LEXIS 52890, at *6-7 (D. Utah May 17, 2011) (same); *Shurtliff v. Wells Fargo Bank, N.A.*, 2010 WL 4609307, at *3 (the HAMP Loan Trial Agreement "makes clear that the modification is subject to qualification and that the modification would not be made permanent until, among other things, Plaintiff received a fully executed copy of the modification agreement").

**ORDER**

Based on the foregoing, and good cause appearing,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is granted.

IT IS FURTHER ORDERED that all of Plaintiffs' claims against Defendants are dismissed with prejudice.

Dated May 3, 2013.

BY THE COURT:

David Nuffer
United States District Judge